(No. 2488—)

KLEIN & COMPANY, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed February 13, 1935.*

THOMAS ROSENBERG, for claimant.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

Mr. Justice Yantis delivered the opinion of the court:

Claimant herein seeks to recover the sum of Two Hundred Thirty and 36/100 Dollars ($230.36) for franchise tax alleged to have been erroneously paid to the State for the years 1928 to 1933 inclusive. A stipulation of fact has been entered into between claimant and respondent; that claimant filed its annual reports for the years 1927 to 1933 inclusive; that such annual reports except for the year 1931 gave the issued capital stock as follows:

| | |
|---|---|
| Common | $200,000.00 |
| Preferred | 26,275.00 |

That its annual report for 1931 gives the issued stock as follows:

| | |
|---|---|
| Common | $200,000.00 |
| Preferred | 23,225.00 |

which is an error in the statement of preferred stock, which item should have been in the amount of $26,275.00. The stipulation of fact further shows that claimant received statements from the Secretary of State each year calling for the payment of One Hundred Fifty Dollars ($150.00) based on the figure of Three Hundred Thousand Dollars ($300,000.00) *authorized* capital stock; that said amount was paid by mistake and that claimant, in fact, has been over-charged the following amounts:

| | | | |
|---|---|---|---|
| 1928 | $36.86 | 1931 | $40.54 |
| 1929 | 36.86 | 1932 | 42.38 |
| 1930 | 36.86 | 1933 | 36.86 |

Claimant contends that only recently did it come to its attention that it had been making such overpayments.

Under the provisions of the 1919 Corporation Act the Secretary of State should have assessed the tax on the amount of *issued stock* shown by the *Annual Reports* filed by claimant. The Secretary of State notified claimant the amounts which were claimed to be due, contrary to the reports so filed and, no doubt, the claimant accepted such information as authorative computations of the amount of tax due. In a report dated September 5, 1934, from the Corporation Department of the Secretary of State's Office it is stated:

"According to our computation it would appear the Company would not be entitled to refunds of more than the following amounts:

| | | | |
|---|---|---|---|
| 1927 | None | 1931 | $40.54 |
| 1928 | $36.86 | 1932 | 42.38 |
| 1929 | 36.86 | 1933 | 36.86" |
| 1930 | 36.86 | | |

No award can properly be allowed by the court for the items above that were paid prior to 1930, because of the Five-year Limitation Statute of this court. The limitation period would date from the time the right of action accrued, which was in this case the day the tax was paid. The only items within such five-year period are those paid in 1930, 1931, 1932 and 1933.

As the tax during those years was not assessed in accordance with the annual report filed by plaintiff, but was mistakenly computed by the Secretary of State on another basis and the plaintiff thereupon paid the amount requested under an apparent mistaken idea that the tax was figured upon the amount of stock stated in the annual report as having been issued, a refund is due the claimant for the excess amount paid.

An award is therefore made to claimant for such excess on the following items, to-wit:

$36.86 paid in 1930
40.54 paid in 1931
42.38 paid in 1932
36.86 paid in 1933

making a total award of $156.64.